IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BJORLIN,

    Petitioner,        No. CIV S-05-1520 FCD GGH P

  vs.

JILL BROWN, Warden, et al.,

    Respondents.      FINDINGS AND RECOMMENDATIONS

_____/

Introduction

    Petitioner, a state prisoner proceeding pro se, seeks relief pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's September 15, 2005, motion to dismiss, to which petitioner filed an opposition on September 26, 2005.

    Petitioner, convicted of attempted murder in the first degree on January 4, 1990, and sentenced to 7 years to life on August 24, 1990, challenges the denial of parole at his parole suitability hearing on October 7, 2003. Petition, p. 5. The grounds for his challenge are: 1) the Board of Prison Terms and Parole (BPT) has continually denied him parole on the basis of the circumstances of his commitment offense in violation of Cal. Penal Code § 3041, as well as his constitutional right to due process and the double jeopardy clause; 2) the BPT's requirement that he undergo therapy as a pre-condition for parole consideration as a violation of his right to a fair

1

hearing; 3) the BPT failed to appropriately consider his plans in violation of his due process rights; 4) the BPT hearing was otherwise not conducted fairly and in accordance with the Fourteenth Amendment by, inter alia, rendering an arbitrary decision and mischaracterizing the commitment offense. Petition, pp. 8-15.

Motion to Dismiss

Respondent's motion is based solely on the ground that this court lacks subject matter jurisdiction because the California parole statutes do not give rise to a federally protected liberty interest.

Respondent cites Greenholtz v. Inmates of Nebraska, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979), for the principle that a convicted person does not have a constitutional or inherent right to be released prior to the expiration of a valid sentence. Motion, p. 4. Respondent does observe that in Board of Pardons v. Allen, 482 U. S. 369, 371, 377-78, 107 S. Ct. 2415 (1987), the Supreme Court has recognized an exception to the general rule of no protected liberty interest in parole, wherein a state can create an enforceable liberty interest in the "unique structure and language" of its parole statutes, that "mandatory language" in a parole statute may create an expectancy of release giving rise to a protected liberty interest, and that Greenholtz, 422 U.S. at 12, 99 S. Ct. at 2106, recognized the mandatory language standard. Id.

Respondents argue, however, that Cal. Penal Code § 3041, the parole statute, does not contain the requisite mandatory language. Motion, p. 5.

Respondents cite the relevant portions of § 3041:

(a) One year prior to the inmate's minimum eligible parole release date a panel...shall again meet with the inmate and *shall normally set* a release date as provided...

(b) The panel...*shall set a release date unless it determines* that...consideration of the public safety requires a more lengthy period of incarceration.

Cal. Penal Code § 3041 (emphasis added by respondents and in Sass v. California Board of Prison Terms, 376 F. Supp. 2d 975 (E.D. Cal. 2005) (Honorable Morrison England)). Relying on

2

1  In re Dannenberg, 34 Cal. 4th 1061, 23 Cal. Rptr. 3d 417 (2005), a California Supreme Court
2  case finding that, inter alia, the language of § 3041 is not mandatory under the test of Greenholtz
3  and Allen, and that there is no right to parole in California, and on Sass, a post-Dannenberg
4  district court decision in this district, finding that "shall" in § 3041 is not used in a mandatory
5  sense, respondents contend that the court should defer to the interpretation of the state supreme
6  court of this state's parole law. Motion, pp. 5-7.

Respondent also argues that the California parole scheme does not give rise to a federal liberty interest under Sandin v. Conner, 515 U.S. 472, 483-85, 115 S. Ct. 2293 (1995). Motion, pp. 7-8. Sandin requires a determination of whether there is a state-created liberty interest giving rise to federal due process protections by evaluating whether an action imposes a "significant and atypical hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, at 484, 115 S. Ct. 2293. Respondent notes that the Ninth Circuit has not applied Sandin in the parole decision context but argues, somewhat irrelevantly, that other circuits have, contending that a denial of early release cannot impose a significant and atypical hardship since every California prisoner under an indeterminate sentence is subject to the statutory maximum unless the Board of Prison Terms fixes a shorter term. Id. (The undersigned notes that in Sass, a case on which respondents rely, the court explicitly found that Sandin was not applicable in the context of considering a liberty interest in parole. See Sass, supra, 376 F. Supp. 2d at 980).

Opposition

In his one-page opposition, petitioner pro se asserts that the Ninth Circuit had the benefit of the analysis or "interpretation" by the California Supreme Court of the parole statute, Cal. Penal Code § 3041, in In re Rosenkrantz, 29 Cal. 4th 616, 128 Cal. Rptr. 2d 104 (2002), when recognizing a liberty interest in parole in Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003), and that Biggs "still prevails." See Opposition.

\\\\\

\\\\\

Discussion

In the first place, respondent confuses the question of the court's subject matter jurisdiction with the failure to state a cognizable claim. Clearly, the court has subject matter jurisdiction over petitioner's habeas corpus claim pursuant to 28 U.S.C. § 2254. Federal question jurisdiction exists if the complaint (or petition) purports to state a claim under federal law regardless of the validity of the claim. Wheeldin v. Wheeler, 373 U.S. 647, 83 S. Ct. 1441, 1444 (1963). Only if the stated federal claim is so wholly insubstantial that even a preliminary review of the merits is not required does the federal court not have jurisdiction. Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773 (1946). It is not every arguably failed claim that deprives the district court of jurisdiction. Here, petitioner properly invoked § 2254 for the basis of his habeas claim. His contentions that he was denied due process in the parole setting process are not so insubstantial so as to deprive the court of jurisdiction.

With respect to the contention that there exists in this state no liberty interest in parole, the Ninth Circuit has held that California's parole scheme gives rise to a cognizable liberty interest in release on parole. Biggs v. Terhune, 334 F.3d at 914. As noted, respondent argues that the California Supreme Court recently found that Cal. Penal Code § 3041 is not mandatory and does not create a presumption that parole will be granted. In re Dannenberg, 34 Cal. 4th at 1084, 1087-88. Respondent's reliance in part on a decision by a district judge of this court finding that the California parole scheme for indeterminate sentences does not create a federal liberty interest has also been noted. Sass v. Cal. Board of Prison Terms, supra, 376 F. Supp. 2d 975. In Sass, Judge England found that no federal liberty interest was created because the wording of the parole statute, Cal. Penal Code 3041(a) ("a panel *shall normally* set a release date..) and § 3041(b) ("the panel...*shall set* a release date...." was insufficiently mandatory. Judge England relied heavily on In re Dannenberg, 34 Cal. 4th at 1098, 23 Cal. Rptr. 3d at 443. However, assuming that the "old" Supreme Court paradigm regarding creation of a liberty interest (mandatory act and underlying factual predicates) remains the analytical framework in

4

which to judge the creation of right-to-parole liberty interests, see e.g., Board of Pardons v. Allen, 482 U.S. at 378, 107 S. Ct. at 2421 (mandatory language in a parole statute creates a "presumption of release" and gives rise to a liberty interest), California law, both before and after Dannenberg finds that the California parole scheme for indeterminate offenses does create a liberty interest.

> In sum, the governing statute provides that the Board *must grant parole* unless it determines that public safety requires a lengthier period of incarceration for the individual because of the gravity of the offense underlying the conviction. (Pen.Code, § 3041, subd. (b).) And as set forth in the governing regulations, the Board *must set a parole date* for a prisoner unless it finds, in the exercise of its judgment after considering the circumstances enumerated in section 2402 of the regulations, that the prisoner is unsuitable for parole. (Cal.Code Regs., tit. 15, § 2401.) Accordingly, parole applicants in this state *have an expectation that they will be granted parole* unless the Board finds, in the exercise of its discretion, that they are unsuitable for parole in light of the circumstances specified by statute and by regulation.

In re Rosenkrantz, 29 Cal. 4th at 654, 128 Cal. Rptr. 2d at 138 (emphasis added).

It is difficult to conceive of words which mirror the requirements of the Allen mandatory-act-in light-of-satisfied-factual-predicates paradigm more than the emphasized words of Rosenkrantz. Indeed, Allen and Rosenkrantz use the same terminology, i.e., "presumption" of release and "expectation" of release. These are the words of liberty interest creation. It is not material that great discretion is vested within the administrative agency granting parole. Allen supra. See also the post-Dannenberg case of In re DeLuna, 126 Cal. App. 4th 585, 591, 24 Cal. Rptr. 3d 643, 647 (2005):

> Penal Code section 3041, subdivision (b) requires the Board to "set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." *This statute creates a conditional liberty interest for a prospective parolee.* (Cf. Rosenkrantz, supra, 29 Cal.4th at p. 661, 128 Cal.Rptr.2d 104, 59 P.3d 174; McQuillion v. Duncan (9th

/////

1  Cir.2002) 306 F.3d 895, 901-902.) (emphasis added)[1]

2  The undersigned can only find that California law is in disarray on the subject of liberty interest created by the California parole statutes. Dannenberg did not overrule Rosenkrantz, and implied overrulings are extremely disfavored. Scheiding v. Gen. Motors, 22 Cal. 4th 471, 478, 93 Cal. Rptr. 2d 342, 346 (2000). Indeed, California cases after Dannenberg continue to find a liberty interest and cite Rosenkrantz. Therefore, Biggs should not, and cannot, be cast aside based on the ambiguities in California law unless the Ninth Circuit so holds.[2]

For the reasons discussed above, the court finds that petitioner has a liberty interest in parole. The court must recommend denial of respondents' motion to dismiss, brought on the sole ground that this court lacks subject matter jurisdiction because there is no state-created liberty interest in parole.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's September 15, 2005, motion to dismiss the petition on the sole ground that this court lacks subject matter jurisdiction be denied and respondent be required to file an answer within 30 days of adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[1] Dannenberg did find that California prisoners had no liberty interest in a *uniform* parole date, 34 Cal. 4th at 1098 (n.18), 23 Cal. Rptr. 3d at 443 (citing Rosenkrantz); however, this is a far cry from holding that the parole scheme as a whole does not create a conditional liberty interest.

[2] Other district court cases continue to find a liberty interest in the California parole statute after Sass. See Lewis v. Solis, 2005 WL 3454137 (N.D.Cal. 2005); Murilla v. Perez, 2005 WL 2592420 (C.D. Cal. 2005); Rodriguez v. Campbell, 2005 WL 1335711 (E.D. Cal. 2005 MCE JFM); but see Trevino v. Mendoza-Powers, 2005 WL 2436471 (E.D. Cal. 2005 (OWW SMS).

1  shall be served and filed within ten days after service of the objections. The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: 7/25/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
bjor1520.mtd